## M. K. MISTER v. R. D. McLEAN.

1. VALIDITY OF MISSISSIPPI LEGISLATION DURING THE REBELLION.—For certain purposes, and within certain limits, acts passed by the legislature of this state, during the rebellion, must be regarded as valid. The act suspending for a limited time, the statutes of limitation, passed December 31, 1862, is valid. Decision in case of Buchanan v. Smith and Barksdale,* at this term, cited and re-affirmed.

Error to the circuit court of Yalobusha county.   GIFFORD, J.

The facts are stated in the opinion of the court.

*James F. Mister*, for plaintiff in error.

The only question involved, and which is raised by the demurrer, is whether the acts of the Legislature of Mississippi (so called), in attempting or assuming to suspend " certain parts of the statute of limitations," during the year 1862, were valid.

He contended :   1st. That the state of Mississippi was not, at the time, one of the states composing the United States, but was acting independently of, and in hostility to, the said United States, at the time.    Thomas v. Taylor, not yet reported.

2d. The legislature which enacted the laws of 29th January, 1862, and December 31st, 1862, was not a valid or legal body, and had no power to pass valid laws.    And that the legislation by them, in attempting to suspend the statute of limitations, is void.   The legislature of 1861–62, were not such as is required by the constitution of the United States, because the members did not take the oath required equally by the federal and state constitutions.   Cites and quotes from the same case of Thomas v. Taylor ; also cites the case of Texas

v. White et al., 7 Wall., 700. As to whether the laws enacted during the war, continued in force until altered or abrogated by the succeeding government, he contends that the laws of the insurrectionary government ceased when that government was overthrown, and could have no operative force as to the future. And as to whether the reviving and ratifying ordinance of 1865, could give vitality to those laws, he contended that that ordinance could go no further than to make those laws good *from and after the date of its passage*, and that it could give those laws no retrospective force. He claimed that the *bar* to the suit was complete before the convention could ratify the void legislation of an illegal legislature, and was a vested right which could not be taken away. Davis v. Minor et ux., 1 How. Miss. Rep., 183, et seq.

A bar produced by the statute of limitations, is as effectual as any other defense, and this defense having vested, any subsequent revival of the right to sue, as by a repeal of the statute, without the consent of the party entitled to the defense, will not take away or destroy that defense. Ibid, citing 6 Cranch, U. S. Rep., 138; 7 Johnson Ch., 477; Bush v. Van Klesck, 3 Dallas, U. S. Rep., 387; also, Angell on Limitation, §§ 12–30, and authorities cited in his notes; 8 Cranch, 72; 11 Wheat., 399 ; 1 Paine, 55; 3 Peters, 298; 33 New Hamp. Rep., 473. But even waiving this view, the acts referred to were obnoxious, " as having been passed in aid of the rebellion." It is a fixed rule in law that the time of the running of the statute of limitations once commenced never stops, but continues to run. The only exception to this rule, and of doubtful soundness, is in the case of persons in foreign states who are prevented by war and the inaccessibility of the courts, from enforcing their remedies. Neither the rule or the reason of the rule applies to the citizens of the state in which the war exists; and it is matter of history that the courts of this state were open during the whole period of the war. For an exhaustive discussion of the rules governing statutes of limitation, see Hanger v. Abbott, 6 Wall., 532.

*Walthall & Gollady*, for the defendant in error.

The case of Hill v. Boyland, which has twice been before this court, is decisive of this case. See 40 Miss., 618. Dates show that the bar was *not* complete when the ordinance of the convention of 1865 was passed.

SIMRALL, J.:

R. D. McLean brought an action of *assumpsit* in the circuit court of Yalobusha county, against M. K. Mister, to recover the amount due on a promissory note. Mister pleaded the general issue, payment, and the statute of limitations.

To the latter plea, McLean replied, that the act passed the 31st of December, 1862, suspended, for a limited time, the statutes of limitations. Deducting the period of suspension, and the cause of action is not barred.

To this replication the plaintiff below demurred, which was overruled by the court. Verdict and judgment for the plaintiff.

Mister removed the case into this court, and assigns for error the overruling of his demurrer to the plaintiff's replication. Counsel for plaintiff in error have made an elaborate argument to show that the legislature of 1862, was not a lawful body, and was not clothed with legislative power for any purpose. The same question has been maturely considered in this court. Following the authority of the case of Texas v. White 7th Wallace S. C. Rep., and the conclusion of the court in the case of Hill v. Boyland, 40 Miss. Rep., 618, we declared in the case of Buchanan v. Smith & Barksdale,* decided at this term, that the act of the legislature in question did have the effect and force of law. Let the judgment be affirmed.